In the Matter of JOHN J. McPARTLAND, Respondent v. THOMAS F. McCOY, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant.— GREENBLOTT, J.

642

Reynolds, J. P., Staley, Jr., and Greenblott, JJ., concur in memorandum by Greenblott, J.; Cooke and Sweeney, JJ., dissent and vote to affirm, in a memorandum by Cooke, J. Cooke, J. (dissenting). An article 78 proceeding in the nature of mandamus lies to correct an illegal or improper classification of positions in the public service (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56; 23 Carmody-Wait 2d, New York Practice, p. 639) and the classic judicial test in reviewing such a determination, involving the exercise by a public agency of judgment in the area committed to its discretion, is whether

the determination is "arbitrary, tyrannical and unreasonable, or is based on false information" (*People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187, 194; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.10). CPLR 7804 (subd. [e]), as amended in 1965, provides: "The respondent shall also serve and submit with the answer affidavits or other written proof showing such evidentiary facts as shall entitle him to a trial of any issue of fact." The function of such affidavits is to establish respondent's right to a trial of such issues (*Yonkers Bus* v. *Maltbie,* 23 N. Y. S. 2d 87, 90, affd. 260 App. Div. 893). Here, the gist of the single affidavit submitted by respondent is that: "Upon a reading of the specifications of Court Clerk II and Court Clerk III, it is very easy to understand how persons may differ in the evaluation of the position herein involved. It becomes an individuals subjective determination and evaluation." This contention, conceding a purely subjective evaluation, is contrary to long established concepts of objectivity regarding appointments and promotions in the civil service of the State and its civil divisions (see N. Y. Const., art. V, § 6; art. VI, § 28; Civil Service Law, § 61; Judiciary Law, § 212; *Matter of Mandle* v. *Brown,* 5 N Y 2d 51, 64; *Matter of Andresen* v. *Rice,* 277 N. Y. 271, 282). Since appellant has alleged no evidentiary facts contrary to those set forth in the petition, exhibits and record of the hearing before the Special Classification Appeals Board, and since conflicting inferences may not be drawn therefrom, a trial at Special Term is not warranted (*Matter of Madole* v. *Barnes,* 20 N Y 2d 169, 174; *Matter of Rotkiewicz* v. *Department of Mental Hygiene,* 283 App. Div. 458, affd. 307 N. Y. 847). Even on this appeal, appellant takes the same position, stating in his brief: "The act of classification is invariably a subjective process of evaluation, such as determining whether a person is acting 'under general direction' (Court Clerk III) or 'under direction' (Court Clerk II); or whether the work involved rises to the level of being 'exceptionally difficult and highly responsible' (Court Clerk III) or is rather 'legal-technical work requiring a specialized knowledged of a complex area of procedural law' (Court Clerk II). (Respondent-Appellant's Exhibit 1 * * *). Within the title specifications, there are virtually no tests which are objective in nature, but rather the grouping together under a common title relies basically on subjective evaluation." Neither does respondent indicate that there are other facts to be submitted at a trial nor is this a situation where neither party has included in the record the job description or a detailed survey of the work actually performed by petitioner (cf. *Matter of Ainsberg* v. *McCoy, supra,* p. 61). The evidentiary facts submitted by petitioner demonstrate that combined Parts XII and XIII of the Supreme Court, Bronx County, of which petitioner is the clerk, handle all motions, arraignments and sentences in felony cases. Additionally, these parts deal with: all aspects of youthful offender cases, probation violations in felony matters, pleadings, different calendars, the impaneling of Grand Juries, their returns, search warrants, orders, certificates of reasonable doubt, pleas, processing of applications for assignment of counsel, contempt proceedings, bail applications, habeas corpus and extradition proceedings. The clerk's duties are detailed and volume figures related. Combined Parts XII and XIII have petitioner and two clerks, sometimes three, under his supervision, whereas a trial part usually has but one clerk. Exhibits, consisting of letters from Justices experienced in these combined parts, besides factual content, without contradiction, variously refer to the parts in question as "too much for one Judge", "in effect the clearing house for all the work done in the criminal division, Supreme Court, Bronx County" and, "comparing the work which comes into Parts XII and XIII with the trial parts, there is no question but that the

644

Clerk in Parts XII and XIII has more responsibility and must possess a greater degree of knowledge in order to properly operate those parts." Another states that the Administrative Judge is in complete agreement with petitioner's evaluation as Court Clerk III. While the position specifications reveal subtle distinctions and an overlapping of functional descriptions, nevertheless, in designating the areas where the functions are to be performed, objective criterions have been supplied which permit a differentiation between Court Clerk II and Court Clerk III. All evidentiary facts submitted indicate that combined Parts XII and XIII, in which petitioner functions, fit the description of " a very large Special Term or comparable part", as incorporated into the definition of Court Clerk III. The classification, admittedly based on a subjective evaluation and disregarding undisputed objective norms and practices, was arbitrary. The judgment should be affirmed, without costs.