■ In the Matter of EMANUEL STRAHL, Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, in a proceeding under CPLR article 78, which annulled appellant's evaluation of respondent as Court Clerk II and directed appellant to re-evaluate respondent to the position of Court Clerk III, retroactively to July 1, 1966. This appeal has been transferred from the Appellate Division, Second Department. Respondent seeks classification as Court Clerk III instead of the Court Clerk II designation he received pursuant to the establishment of the "Classification Plan — Unified Court System — New York City". In determining the availability of the relief sought the test is whether the classification sought by petitioner encompasses the same duties as previously performed within the title of his former classification (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56). Special Term made an analysis and comparison of respondent's in title services and the title specifications of Court Clerk III and determined that respondent's duties meet that of a Court Clerk III. There is, however, no indication that Special Term made any comparison between respondent's prior in title services and the title specification for Court Clerk II, to which classification he was assigned by appellant. An examination of those specifications indicate that the work performed by respondent in drawing up orders, conferring with Judges and co-ordinating the law desk activities also come within the scope of Court Clerk II and we find no in title services performed by respondent that mandate a classification of Court Clerk III. Accordingly, we cannot say that the appellant's determination that respondent should be classified as Court Clerk II rather than Court Clerk III was arbitrary and capricious, and the judgment of Special Term must therefore be reversed and the petition dismissed. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.