■ In the Matter of ABRAHAM AVERACK, on Behalf of Himself and All Others Similarly Situated, Respondents, v. ERSA H. POSTON et al., Constituting the Civil Service Commission of the State of New York, Appellants.— Appeal from a judgment of the Supreme Court at a Trial Term, entered October 6, 1972 in Albany County, which ordered the Civil Service Commission to reallocate petitioners' positions of Supervising Tax Examiners, Grade 20, to the positions of Associate Tax Examiners, Grade 23, without an open competitive examination. This article 78 proceeding was commenced on March 16, 1970 on behalf of 82 Supervising Tax Examiners, Grade 20, to review the determination of the Civil Service Commission which denied their application for reallocation of their positions to Associate Tax Examiner, Grade 23, by a title structure change and without examination. On September 3, 1970, Special Term, Albany County, ordered a trial of the following issue: "Whether the positions of Supervising Tax Examiner and Associate Tax Examiner are so substantially similar in the essential character and scope of their duties and responsibilities and in the qualification requirements thereof that the same descriptive title may be used to designate them." After a trial of the issues, the court answered this question in the affirmative, stating: "The testimony and proof adduced upon this trial by both the petitioners and the respondent clearly compel this Court to find that the duties and responsibilities of the two noted positions are so substantially similar as to be appropriately termed identical." The court also determined that there was no meaningful distinction in the Civil Service job specifications for the two positions, and that the petitioners were not performing out-of-title work. The record supports

this determination. The only distinction observed in the specifications between a Grade 20 position and a Grade 23 position is the language used. While the published job descriptions alone will not support a claim of similarity for purposes of reclassification (*Matter of Mandle* v. *Brown*, 5 N Y 2d 51), the testimony adduced on the trial clearly supports the contention of the petitioners that the duties of a Grade 20 were the same as a Grade 23 after the reclassification. This testimony came not only from those who failed to pass the examination for the Grade 23 position, but also from witnesses who had passed the examination, and had been appointed to Grade 23, and from others who had passed promotional examinations and been appointed to Grade 27. This testimony was also, in part, bolstered by the testimony of the witnesses for the respondent indicating that the difference in the positions was the supervisory responsibility and not the technical work. As the result of the reclassification, 53 positions formerly classified as Grade 20 became Grade 23. The remaining 29 positions in Grade 20 were "earmarked", meaning that, when they become vacant by attrition or otherwise, the vacant item would be eliminated. It thus appears that the only purpose to be served by the reclassification was to increase the salary of the 53 positions which were to remain, while the other 29 positions were phased out. Nothing in the record indicates that the petitioners were performing out-of-title work prior to the reclassification, and, it clearly appearing that the functions of a Supervising Tax Examiner, Grade 20, are substantially the same as the functions of an Associate Tax Examiner, Grade 23, the judgment appealed from, must be affirmed. (*Matter of Center* v. *McCoy*, 35 A D 2d 1056, mot. for lv. to app. den. 29 N Y 2d 482.) Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Main, and Reynolds, JJ., concur.