In the Matter of ARTHUR F. McGINN, JR., Respondent, v ERSA H. POSTON et al., Constituting the Civil Service Commission of the State of New York, Respondents, and DAVID MORTMAN, Appellant.

Third Department, May 11, 1978

**APPEARANCES OF COUNSEL**

*David Mortman,* appellant *pro se.*

*McGinn, Volk & Tippins, P. C. (Arthur F. McGinn, Jr., pro se,* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J.

Petitioner was the attorney of record for 70 employees of the State of New York in a class action brought pursuant to CPLR article 78 for a judgment reallocating said employees'

positions of Supervising Tax Examiners, Grade 20, to the positions of Associate Tax Examiners, Grade 23, without an open competitive examination. The action was concluded successfully for the employees when Special Term granted the relief which they requested and its amended judgment was affirmed by this court in an opinion from which no appeal was taken *(Matter of Averack v Poston,* 43 AD2d 657). As a result, the subject employees were entitled to monetary awards of varying amounts from the State of New York, and it issued 70 checks therefor, but distributed only 55 of them to those members of the class who had paid petitioner his legal fee for services rendered in the class action suit. When payment from the remaining 15 class members was not forthcoming, petitioner commenced the instant proceeding under section 475 of the Judiciary Law for the establishment of an attorney's lien upon the respective recoveries of each nonpaying member. Ultimately, following a hearing, the court determined that the requested fee was "most fair, reasonable and equitable" in view of all of the circumstances and granted petitioner his lien, and from the order entered to this effect, David Mortman, one of the nonpaying class members, now appeals.

We hold that the order of Special Term cannot be sustained. In so ruling, we recognize the court's traditional power to award attorney's fees to prevailing plaintiffs' counsel in circumstances such as are presented in this case. (See, generally, *Mills v Electric Auto-Lite Co.,* 396 US 375; *Washington Fed. Sav. & Loan Assn. v Village Mall Townhouses,* 90 Misc 2d 227.) Also, we hasten to emphasize that the issue of attorneys' fees in class action suits presents a somewhat nebulous area of the law still largely in the developmental stage with regard to what constitutes appropriate practice and procedure. Such being the case, this opinion is intended as being instructional in nature and not as being critical of either counsel or the court at Special Term.

Nonetheless, in this instance, in the absence of, *inter alia,* evidence indicating the time and labor expended by petitioner in the class action suit and establishing the magnitude and complexity of said litigation, we find the present record inadequate to warrant the court's conclusion as to the fairness, reasonableness and equitableness of petitioner's total fee (see *City of Detroit v Grinnell Corp.,* 495 F2d 448; *Lindy Bros. Bldrs., Inc. of Phila. v American Radiator & Std. Sanitary Corp.,* 487 F2d 161; 2 Weinstein-Korn-Miller, NY Civ Prac, par

908.03). Even more objectionable is the clear demonstration in the record that the shares of petitioner's fee expected from the respective class members were not apportioned in accordance with each member's recovery from the suit, and, consequently, grave inequities have resulted. Thus, while Abraham Averack, one of the so-called "active petitioners" in the class action who were instrumental in retaining petitioner therefor, paid a fee of $738 on recovery of $6,412.84, i.e., approximately 11.5% of his recovery, appellant David Mortman is expected to pay a fee of $718 on a recovery of $2,847, i.e., more than 25% of his recovery. Similar and even more egregious inequities abound relative to petitioner's various proposed charges with one class member, John Weishaar, paying a fee in excess of 40% of his recovery while another, Joseph S. Papa, paid a fee amounting to only about 6% of his recovery. Such a result is grossly unfair and unacceptable, and the situation must be rectified so that the class members will contribute equally to the litigation expenses with the court spreading the costs "proportionately among them" (Mills v Electric Auto-Lite Co., supra, p 394).

Accordingly, this matter must be remitted to Special Term for a hearing conducted in accordance with the guidelines set forth in this opinion and in the authorities cited herein. The record which results therefrom should demonstrate clearly both that the amount of petitioner's total fee charged is proper and that each class member's responsibility for the payment of said fee is in proportion to the recovery which each member had in the class action suit.

The order should be reversed, on the law and the facts, without costs, and the matter remitted to Special Term for further proceedings not inconsistent herewith.

GREENBLOTT, J. P., SWEENEY, KANE and STALEY, JR., JJ., concur.

Order reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith.