■ In the Matter of DENNIS ADELMAN et al., Appellants, v VICTOR S. BAHOU, Individually and as President of the State of New York Civil Service Commission, et al., Respondents. (Proceeding No. 1.) In the Matter of JAMES O. DOBSON et al., Appellants, v VICTOR S. BAHOU et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents. (Proceeding No. 2.) — Appeal (in Proceeding No. 1) from a judgment of the Supreme Court at Special Term (Pitt, J.), entered March 5, 1981 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Civil Service Commission denying petitioners' request, after a hearing, for reclassification of their positions in the New York State Department of Taxation and Finance and to enjoin respondents from holding certain promotional examinations. Appeal (in Proceeding No. 2) from a judgment of the Supreme Court at Special Term (Pitt, J.), entered March 5, 1981 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Civil Service Commission denying petitioners' request, after a hearing, for reclassification of their positions in the New York State Department of Taxation and Finance. In both proceedings herein, petitioners are employees of the New York State Department of Taxation and Finance (department) and respondents are the Civil Service Commission (commission) and the department. The essential facts are not in dispute and apply to both proceedings. Prior to 1977, the department was organized along specialty lines consisting of an income tax bureau, a corporation tax bureau, sales tax bureau and so on. Each of the bureaus was a complete operating unit in itself, performing taxpayer audits, processing returns, collecting taxes and providing various taxpayer services. In 1973, a reorganization of the department along functional lines was begun, with all collection activities being transferred to a tax compliance bureau. In 1975, a tax appeals bureau was created and thereafter an audit division, a taxpayer services division and a processing division were established. As part of the reorganization, a title structure change affecting the tax examiner series was made in September, 1977. This title structure change was in name only and involved no change in the duties of the employees in the renamed positions. Those tax examiners who had been primarily engaged in field auditing became tax auditors, assigned to the audit division. The former Senior Sales Tax Examiner, Grade 18, became a Sales Tax Auditor I, Grade 18, and so forth. More substantial changes, involving qualifications and duties, were introduced by the department beginning in December, 1977 when it

applied to the commission's division of classification and compensation to reclassify the tax auditor series. The entry-level "journeyman" auditor position, formerly Grade 14, became Tax Auditor I, Grade 18. A new entry-level position of Trainee, Grade 14, was established, with the Trainee advancing to Tax Auditor I, Grade 18, without further examination, upon satisfactory completion of two years of training. Incumbent Grade 14's, as they completed two years of training, were to be moved to Grade 18. Incumbent Tax Auditors I, Grade 18, had served as both field auditors and as the immediate, first-level supervisors of three to six journeymen auditors (referred to as a squad). After reclassification, the Tax Auditor I served primarily as a journeyman auditor. Incumbent Tax Auditors II, Grade 23, who formerly were second-level supervisors of two or more squads, became the first-level supervisors of a group of journeymen auditors (now referred to as a team). Similarly, incumbent Tax Auditors III, Grade 27, became the second-level supervisors of two or more teams. Petitioners, in Proceeding No. 1, are Sales Tax Auditors I, Grade 18 (former Senior Sales Tax Examiners, Grade 18) and Sales Tax Auditors II, Grade 23 (former Associate Sales Tax Examiners, Grade 23). Petitioners, in Proceeding No. 2, are tax auditors in the same two positions in the income, sales and excise tax specialties. All petitioners seek reclassification to the next higher grade — Grade 18 to Grade 23, and Grade 23 to Grade 27, respectively. In June, 1978, petitioners in both proceedings made application to the director of classification and compensation for upward reclassification of their positions without examination pursuant to subdivision 2 (formerly subd 4) of section 132 of the Civil Service Law. After a hearing before the director of classification and compensation, petitioners' applications were denied. Petitioners appealed to the commission. After an eight-day hearing in February, 1980, the hearing officer reported his findings of fact. Thereafter, the commission, in a written decision, dismissed both appeals. Petitioners then commenced these article 78 proceedings. Special Term issued written decisions in each proceeding and dismissed the petitions by orders entered March 5, 1981. These appeals ensued. Special Term properly concluded that the commission's determination that petitioners should not be reclassified was not arbitrary and capricious. The orders entered at Special Term dismissing the petitions in the respective proceedings should be affirmed. Initially, we note that Special Term was incorrect in the instant matter insofar as it undertook to consider the substantiality of the evidence to support the hearing officer's findings of fact as a separate inquiry. The appropriate standard for review of a determination of the Civil Service Commission in an article 78 proceeding is whether the determination was arbitrary or capricious (see, e.g., *People ex rel. Schau v McWilliams*, 185 NY 92; *Matter of Blumenthal v Bahou*, 76 AD2d 1026). However, the hearing was held for the purpose of fact finding only and was afforded to petitioners as a matter of discretion and not as a matter of law (Civil Service Law, § 120, subd 2). Therefore, Special Term's review of the substantiality of the evidence will be considered as merely a part of its proper inquiry into whether the commission's determination was arbitrary and capricious. Moreover, the test to be applied as to whether the particular article 78 proceeding raises the "substantial evidence" test or the "arbitrary and capricious" test is of little consequence once the proper judicial tribunal is reached, since, under either test, the judicial inquiry is that of "rationality." And, it has been held that the "arbitrary and capricious" test, in particular, involves a review of whether a particular action is justified and whether such action is without foundation in fact (*Matter of Pell v Board of Educ.*, 34 NY2d 222). Thus, this court may not overturn the commission's determination unless it finds it to be without a rational basis (*Matter of Grossman v Rankin*, 43 NY2d

493; *Matter of Soljan v Bahou,* 60 AD2d 946). Petitioners claim that there has been no substantial change in the duties and responsibilities of their former positions as Tax Examiners, Grade 18, and Senior Tax Examiners, Grade 23, and the reclassified positions of Tax Auditor II, Grade 23, and Tax Auditor III, Grade 27. They also contend, as support for their claim, that the former position of Tax Examiner, Grade 14, is substantially similar to that of the reclassified Tax Auditor, Grade 18. In such circumstances, to sustain the determination of the commission, there must be a rational basis for its finding that the duties and responsibilities of the former job titles were not substantially similar to those of the reclassified titles (Civil Service Law, § 132, subd 2 [formerly Civil Service Law, § 132, subd 4]; *Matter of Goldhirsch v Krone,* 18 NY2d 178; *Matter of Averack v Poston,* 43 AD2d 657; *Matter of Strahl v McCoy,* 37 AD2d 667). On this record, it cannot be said that the commission's determination not to reclassify petitioners lacked the required reasonable basis. In its decision, the commission stated that it gave careful consideration to the record, including the detailed report of the hearing officer and other evidence, and concluded that: "[C]hanges have occurred which cumulatively have substantially increased the responsibilities, required quality, accountability and complexity of the first and second level supervisory positions involved in performing the field tax auditing function". Adequate facts are enumerated in the hearing officer's report, arrived at after resolving questions of fact created by conflicting evidence, to sustain the conclusions made by the commission as Special Term found. Although former Tax Examiners, as the first-line supervisors, did have some supervisory duties, they do not appear to have been as extensive or to require as much expertise as the duties now required of Tax Auditors II as first-level supervisors. The same is true with respect to the comparison between former Senior Tax Examiners and the present Tax Auditors III as second-level supervisors. Additionally, knowledge and training requirements have been increased in both supervisory levels, as well as other changes noted by the hearing officer. Petitioners' argument that the reclassification itself was unlawful because it was not supported by a job survey is rejected. The contention of petitioners that they have been demoted in violation of the Civil Service Law is also rejected. As they have suffered no loss in grade or salary, no demotion has occurred (see *Matter of Borrell v County of Genesee,* 73 AD2d 386). Petitioners' claim for restoration of veteran's credits used by certain of them to obtain a promotion from the former Grade 14 position was not raised before the commission. The request for such relief on this appeal is, therefore, premature and will not be considered by this court. We have examined petitioners' other claims of error and find them to be without merit. Judgment, in Proceeding No. 1, affirmed, without costs. Judgment, in Proceeding No. 2, affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.