■ In the Matter of EMERALD GREEN HOMEOWNERS ASSOCIATION, INC., et al., Petitioners, v PUBLIC SERVICE COMMISSION, Respondent, and LAKE LOUISE MARIE WATER CO., INC., Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission which granted an application for rate increases to Lake Louise Marie Water Co., Inc. On May 21, 1979, Lake Louise Marie Water Co., Inc. (water company), intervenor-respondent herein, filed tariff revisions with respondent Public Service Commission (commission) for a 162.5% increase in its annual flat rate and a 146.8% increase in its swimming pool rate. The commission staff investigated and recommended an approval, finding that the proposed increases would produce revenues sufficient to cover the water company's operating expenses only, with a small operating cushion. Subsequently, petitioners, two homeowner associations representing the water company's approximately 400 customers, were permitted to intervene in hearings held on October 17, and November 29, 1979. In lieu of direct testimony, petitioners' only witness, Jessel Rothman, counsel for petitioners, introduced into evidence a prepared written statement outlining the history of the water company and its various owners. Since its inception, the company

has been owned or controlled by the owner of the development it serves. Rothman argued that a "functional relationship" exists between the developer of petitioners' lots and the water company and that, therefore, the costs of operating the water company should be presumed to have been recovered by the developer through sales of the real estate under the "initial rate concept" officially adopted by the commission in 1978. He also argued alternatively that had all the lots in the original development been sold, the present rate would have been sufficient to cover all operating expenses and that the developer's failure to sell the additional lots was due to its negligent failure to comply with certain provisions of section 352-e of the General Business Law. The Administrative Law Judge in his decision recommended approval of the full increase requested. The commission adopted the Judge's decision with modifications, expressly reserving the question of whether the initial rate concept is applicable in cases in which companies seek allowances for operating costs only. In rejecting petitioners' argument that the increase is prohibited under the initial rate concept, the commission agreed with the Administrative Law Judge that even under an expanded version of the initial rate concept, the record contained no evidence that the initial rate was calculated to produce revenue that would fall short of operating expenses if the number of customers reached the "intended level". The commission also found petitioners' argument that the developer's negligence caused the water company's present revenue shortfall to be without merit. The commission held that the customers had received no warranties of constant water rates and that the failure of the developer to sell the anticipated number of lots was not "such misconduct as should affect a rate determination". This proceeding for review of the commission's determination ensued. The determination of the commission has a reasonable basis and is supported by substantial evidence. It should, therefore, be confirmed and the petition dismissed. Petitioners' contention that the commission's decision should be set aside because the commission made no findings of fact and had no factual basis for its determination that the initial rate concept was not applicable to this case is rejected. Here, the commission's report states that its ruling was based on the absence in the record of any evidence to support a finding that the initial rates assessed by the water company were set artificially low. The commission adequately stated the basis for its decision (*Matter of McPartland v McCoy*, 35 AD2d 641, 642). Petitioners' belated offer of new evidence relating to the question whether the water company's initial rates were set artificially low in order to attract new purchasers is rejected. This court should not consider new evidence which was not made part of the record of the hearing held before the administrative agency (see *Matter of Koster v Holz*, 3 NY2d 639, 646; 24 Carmody-Wait 2d, NY Prac, §§ 145.334, 145.348). Petitioners' request that the matter be remanded to the commission for a review of this newly offered evidence must also be rejected. Petitioners had an available remedy via an application for a rehearing following issuance of the commission's final determination (see 16 NYCRR 2.8) which they did not exhaust. A remittal for that purpose is consequently inappropriate (see *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375). The commission's finding that the developer's failure to sell the anticipated number of lots was not "such misconduct as should affect a rate determination" is not arbitrary and capricious. The record contains no evidence of fraud or misrepresentation by the developer as to the constancy of water rates nor does it contain any evidence of negligence on the part of the developer. The commission's holding that developers should not be penalized for setting rates in accordance with their reasonable, good faith expectations concerning the number of customers they may acquire is not irrational and should, therefore,

be sustained (*Matter of New York State Council of Retail Merchants v Public Serv. Comm.*, 45 NY2d 661, 672). We have considered petitioners' other arguments and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.