WASTE STREAM MANAGEMENT, INC., Appellant, v ST. LAW-
RENCE COUNTY et al., Respondents, and KEY TRUST COM-
PANY, as Trustee, Intervenor-Respondent.

Third Department, April 26, 1990

## APPEARANCES OF COUNSEL

*Evans, Severn, Bankert & Peet (Thomas F. O'Donnell* of counsel), for appellant.

*William F. Maginn, Jr.,* for St. Lawrence County, respondent.

*Nixon, Hargrave, Devans & Doyle (William D. Eggers* and *Richard M. Cogen* of counsel), for St. Lawrence County Solid Waste Disposal Authority, respondent.

*Hodgson, Russ, Andrews, Woods & Goodyear (Ralph W. Bandel* of counsel), for intervenor-respondent.

## OPINION OF THE COURT

MERCURE, J.

In 1983, at the request of defendant St. Lawrence County (hereinafter the County), the State Legislature created defendant St. Lawrence County Solid Waste Disposal Authority (hereinafter the Authority), which was charged with the task of developing and implementing a solution to the problem of solid waste disposal in St. Lawrence County (L 1983, ch 502, adding Public Authorities Law, tit 13-E). In July 1988, the Authority proposed to construct a solid waste resource recovery facility with a 250-ton per day design capacity, an ash residue and bypass landfill, and several transfer stations. Pursuant to Public Authorities Law §§ 2048-e and 2048-s, the County Legislature enacted Local Laws, 1985, No. 23 which provided, *inter alia:*

"Section 3. Commencing January 1, 1987, all solid waste generated or originated within St. Lawrence County shall be delivered to solid waste management facilities within St. Lawrence County which are designated by the St. Lawrence County Solid Waste Disposal Authority from time to time.

"Section 4. The Authority may make such exceptions to the requirements of the foregoing Section 3 as it from time to time may determine to be in the public interest."

Plaintiff engages in the collection and hauling of solid waste and the collection, processing and marketing of recyclable materials. Plaintiff requested exceptions for 32 tons per day of source-separated paper and 16 tons per day of source-separated glass and cans, and for permission to conduct a composting project and to handpick certain recyclable materials from selected truckloads of mixed solid waste. Following review, the Authority adopted resolutions (1) granting a "generic exception" for source-separated recyclable materials including newspapers, corrugated, office paper, glass, mixed metal and aluminum, and (2) denying plaintiff's requests for exceptions as not being in the public interest.

Plaintiff commenced a CPLR article 78 proceeding against the Authority, seeking to annul the resolutions as arbitrary. Plaintiff also commenced an action against the County seeking a declaration that Local Law No. 23 was invalid and that recyclable materials are not solid waste within the meaning of Local Law No. 23. The CPLR article 78 proceeding was converted to a declaratory judgment action, the actions were consolidated and Key Trust Company, trustee for the owners of bonds and notes issued to finance construction of the resource recovery facility, was granted permission to intervene. Supreme Court denied plaintiff's motion for summary judgment, granted summary judgment in favor of the County and the Authority, and dismissed the complaint and petition. Plaintiff now appeals.

We turn first to plaintiff's contention that the County's enactment of Local Law No. 23 and its delegation of the power to grant exceptions to the Authority were invalid. Our analysis starts with the proposition that laws enacted by the State Legislature, as well as duly enacted local laws, carry with them a strong presumption of constitutionality, which is rebuttable only if unconstitutionality is demonstrated beyond a reasonable doubt *(41 Kew Gardens Rd. Assocs. v Tyburski,* 70 NY2d 325, 333; *Lighthouse Shores v Town of Islip,* 41 NY2d 7,

11-12). Next, legislative delegations of power "to administrative bodies are legitimate so long as adequate standards exist to channel the exercise of that power" *(Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613, 620; *see, Matter of Levine v Whalen,* 39 NY2d 510, 515). The "standards need only be prescribed in so much detail as is reasonably practicable in light of the complexities of the area to be regulated" *(Suffolk County Bldrs. Assn. v County of Suffolk, supra,* at 620).

■ With these principles in mind, we agree with Supreme Court that the penultimate sentence of Public Authorities Law § 2048-s provided express authority for the County's adoption of the challenged local law and we reject plaintiff's strained and restrictive interpretation to the contrary. Nor do we accept plaintiff's argument, resulting from the same overly technical reading of section 2048-s, that the County lacks the power to grant exceptions. Furthermore, in view of the Authority's close nexus to the County *(see,* Public Authorities Law § 2048-c [1], [5], [6] [b]; § 2048-g) and broad powers in waste management matters *(see,* Public Authorities Law § 2048-e [4], [5], [7]), the County's delegation of the power to grant exceptions to the Authority was not an improper subdelegation of powers *(see, Suffolk County Bldrs. Assn. v County of Suffolk, supra,* at 620). Rather, there has been a delegation to a body most capable of effectively performing the task *(supra).*

■ We also reject plaintiff's argument that the "public interest" standard for granting exceptions from waste delivery requirements is inadequate. Plaintiff concedes that courts have upheld the public interest standard *(see, e.g., Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 276-277; *Matter of International Ry. Co. v Public Serv. Commn.,* 264 App Div 506, 510-511, *affd* 289 NY 830), but maintains that the standard is inappropriate here, where there is no express legislative declaration of purpose and the standard is not augmented by a listing of factors to be considered. We disagree. Since the public interest standard is directly related to, and limited by, the general purposes of Public Authorities Law title 13-E and the policy expressed in ECL 27-0101, there is a sufficient framework to establish the parameters for agency action. Moreover, in view of the complexities involved in the field of solid waste management, we conclude that the standard is prescribed in as much detail as is reasonably practicable *(see, Suffolk County Bldrs. Assn. v*

*County of Suffolk,* 46 NY2d 613, 620, *supra).* We, therefore, agree with Supreme Court that the public interest standard is adequate to channel the exercise of the Authority's power.

■ Next, plaintiff maintains that the Authority's denial of its requests for exceptions was arbitrary and capricious. Again, we disagree. Preliminarily, since this was an exercise of discretion by the Authority, specific findings of fact were not required and the Authority need only show the existence of a rational basis for its determination *(see, Matter of Anderson v Ambach,* 96 AD2d 631, 632, *lv denied* 60 NY2d 556; *Matter of McPartland v McCoy,* 35 AD2d 641, 642). Addressing the merits, it is our view that the Authority made a reasoned decision. First, the record demonstrates that the Authority thoroughly evaluated plaintiff's requests, including their environmental and economic effects, before reaching its determination, and denied only so much of the application as failed to document an ability to successfully recycle. Second, by granting the generic exception, the Authority effectively granted some of plaintiff's requests (e.g., paper, glass and cans) and, at the same time, provided recycling opportunities to the private sector on a broader, more equitable basis. Third, the Authority is maximizing resource recovery by committing to pursue a goal of recycling 40% of the County's waste by 1997 and by promoting the recovery of thermal and electrical energy *(see,* ECL 27-0701 [4]; Public Authorities Law § 2048-b [11]). We conclude, therefore, that the Authority's decision, attempting to balance the County's need for short-term and long-term solid waste disposal management, in conformity with State policy of resource recovery and the encouragement of participation in recycling, was by no means irrational.

■ ■ Plaintiff's remaining contentions do not require extended discussion. We reject plaintiff's argument that Local Law No. 23 violates General Business Law § 340, which prohibits arrangements in restraint of competition. Even assuming that a legislative act of the County could be considered a contract, agreement or arrangement within the purview of General Business Law § 340 *(see, State of New York v Mobil Oil Corp.,* 38 NY2d 460), we agree with Supreme Court that Public Authorities Law § 2048-s, which allows reasonable restraints, superseded the provisions of General Business Law § 340 *(see,* Public Authorities Law § 2048-w). Further, because of the State enabling legislation, there is an exception from the Federal antitrust laws *(Hallie v Eau Claire,* 471 US 34). Finally, plaintiff's contention that recyclable material is not

solid waste *(see,* Public Authorities Law § 2048-b [13]) does not present a real controversy because plaintiff has not identified the specific types of recyclable material which it contemplated purchasing or hauling. The issue is nonjusticiable since plaintiff has not sought adjudication of any specific dispute and there is no present prejudice to plaintiff *(see, Hase v New York State Civ. Serv. Dept.,* 148 AD2d 68, 71-72, *appeal dismissed* 74 NY2d 944). In any event, it is clear that recyclable materials are included within the definition of "solid waste" (Public Authorities Law § 2048-b [13]) but are segregated from the waste stream by means of "source separation" (Public Authorities Law § 2048-b [16]) or "resource recovery" (Public Authorities Law § 2048-b [11]).

MAHONEY, P. J., KANE, CASEY and HARVEY, JJ., concur.

Order affirmed, without costs.