■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 810, Appellant, v CLINTON COUNTY DEPARTMENT OF PUBLIC HEALTH et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered December 29, 1989 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying a request for reallocation of a senior account clerk/typist position.

The primary issue presented on this appeal is whether Supreme Court properly found that a rational basis existed for the determination of respondents not to recommend that Irene Bissonette's title of senior account clerk/typist be reallocated from grade eight to grade 10. The answer is in the affirmative. The judgment of Supreme Court dismissing the petition should therefore be affirmed.

As a result of a May 1986 request of the Treasurer of respondent Clinton County, the county civil service grade eight positions of senior account clerk and senior account clerk/typist in the Treasurer's office were upgraded to grade 10. Most, if not all, of the county's departments have the grade eight positions of senior account clerk and senior account clerk/typist but these, other than the Treasurer's office, were left unchanged. The basis for the change was the difference in the duties of the two positions in the Treasurer's office in contrast to the job description and the performance of those duties in the other departments.

In June 1988, Bissonette, employed by respondent county Health Department, sought to have her senior account clerk/typist position reallocated to the higher grade 10 position. Her request was denied and petitioner commenced this CPLR article 78 proceeding on her behalf, seeking to annul the denial of her application or, in the alternative, an order compelling respondents to grant Bissonette's request for reallocation and awarding her back pay based on the upgraded position. Following a hearing to determine the differences, if any, between the newly created positions in the Treasurer's office and those in the other county departments, Supreme Court held, *inter alia,* that there was a rational basis for the determination and dismissed the petition. This appeal by petitioner ensued.

Initially, there are two threshold issues to be addressed. First, we reject respondents' contention that the appeal is moot because Bissonette, subsequent to her request for upgrading, was promoted to another higher position. She would be entitled to the difference in salary and benefits for the time during which she had been working in her wrongfully classified position *(see, Matter of Roistacher v McCoy,* 32 NY2d 479, 481). Further, petitioner is representing all the other employees classified as grade eight senior account clerk/typists and, as such, may maintain this proceeding on their behalf *(see, Matter of County of Broome [Rauen],* 130 AD2d 811, 812).

Second, respondents' argument that petitioner agreed to the

distinction between the two classifications in the current union contract is without merit. Supreme Court correctly concluded that the salary schedule appended to the current contract, which lists both the old and newly created positions under review, did not preclude a challenge to the determination because the salary schedule was a nonmandatory, undiscussed item in the contract negotiations. Moreover, the union contract specifically allowed for a challenge to reallocation determinations.

As to the merits of the proceeding, we reject petitioner's claim· that respondents have not shown that there was a sufficient difference between the classifications in dispute to furnish a rational basis for respondents' determination to upgrade the positions in the Treasurer's office only. The record reflects that the senior account clerk/typists in the Treasurer's office handled more cash and had significantly greater budgetary and fiscal duties than employees of the same title in the other departments *(see, Matter of Adelman v Bahou,* 85 AD2d 862, 864, *lv denied* 56 NY2d 502; *Matter of Averack v Poston,* 43 AD2d 657, 658). The job description for senior account clerk/typist in the Treasurer's office states that large amounts of cash are handled, while the job descriptions for the same positions in the other departments do not list that activity. The job descriptions for the positions in the Treasurer's office also specify the duty to assist in the preparation of the departmental budget and in maintaining budget control, while the job descriptions for the other departments do not have this requirement.

Thus, Supreme Court's conclusion that there was a qualitative difference in the duties performed in the Treasurer's office in the positions in dispute over the other departments is supported by the record. As the positions *sub judice* have not been shown to be " 'so substantially similar as to be appropriately termed identical' " *(Matter of Averack v Poston, supra,* at 657) and the determination has a rational basis *(see, Matter of McPartland v McCoy,* 35 AD2d 641, 642; *see also, Waste Stream Mgt. v St. Lawrence County,* 156 AD2d 111, 116), Supreme Court properly dismissed the petition.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.