G-eorge H. Vinette, J.
This proceeding was instituted, pursuant to article 78 of the Civil Practice Act, to compel the *1043 respondents to classify the position of Director of the Department of Urban Renewal of the City of Utica in the unclassified service of the Civil Service of the State of New York and to classify the positions of the deputy director and secretary to the said director in the exempt class of the State Civil Service.
The facts are substantially as follows:
On or about May 6, 1958, the Board of Estimate and Apportionment of the City of Utica created the position of Director of Urban Renewal of the City of Utica. The petitioner, Ray B. Martin, was appointed as director on the same day.
On May 26, 1958, the said Board of Estimate and Apportionment created the position of secretary to the director.
On October 3, 1958, the Municipal Civil Service Commission of the City of Utica adopted a resolution placing the positions of director, deputy and secretary in the exempt class of civil service. On December 17, 1958, the State Civil Service Commission disapproved the said resolution of the Municipal Civil Service Commission. (See Civil Service Law, § 20.)
Local Law No. 3 of 1959, of the City of Utica, became effective on March 17, 1959. Section 1 thereof created the Department of Urban Renewal and provided that the head of this department shall be known as the Director of Urban Renewal and that he shall be appointed by the Mayor to hold office during his pleasure. Section 2 provided that the director may appoint a deputy director and such subordinates as may be prescribed by the Board of Estimate and Apportionment. Section 3 provided as follows:
‘ ‘ The Director of Urban Renewal shall have jurisdiction, supervision and control of the Department of Urban Renewal. The duties of the Director shall consist of studying, formulating, developing and supervising local slum clearance aud urban renewal or rehabilitation projects in the City authorized by law and coordinating the efforts of all departments and agencies of the City entrusted with or responsible for carrying out the City’s local slum clearance and urban renewal or rehabilitation projects, or the various functions or activities necessary or required in connection thereto. Such Director shall perform such other duties as may be prescribed by the Mayor or by Ordinance of the Council. Nothing herein contained shall be construed to supersede any powers heretofore granted by law to any of the officers, departments, boards, commissions and other agencies of the City.”
On or about the 17th day of March, 1959, the petitioner appointed J. Granville Kelley as Deputy Director of Urban Renewal.
*1044 On September 24, 1959, the Municipal Civil Service Commission adopted a resolution placing the position of director, deputy and secretary in the exempt class of civil service. On November 18, 1959, the State Civil Service Commission disapproved the said resolution of the Municipal Civil Service Commission.
The above-mentioned Local Law No. 3 was amended by Local Law No. 7 of 1959, of the City of Utica, effective December 15, 1959. In substance, the amended local law conferred upon the Common Council the powers thereby given by Local Law No. 3 to the Mayor. Section 1 was amended to provide that the director shall be appointed by the Common Council to hold office during its pleasure. Section 2 was unchanged. Section 3 was not changed except that it was amended to provide that the director should perform such other duties as may be prescribed by ordinance of the Common Council; it omitted the words “ by the mayor or ” present in section 3 of Local Law No. 3.
On or about December 18,1959, the Common Council appointed the petitioner as Director of Urban Renewal, pursuant to said Local Law No. 7.
On or about January 16, 1960, the petitioner appointed Josephine L. Marino, as secretary to the director.
On March 5, 1960, the Municipal Civil Service Commission adopted a resolution reclassifying the above-mentioned positions in the competitive class of the civil service. It also adopted the title of relocation supervisor in lieu of deputy director and the title of senior stenographer instead of secretary.
The Municipal Civil Service Commission has advised petitioner as follows: that his appointment as director must be terminated; that he does not meet the qualifications for the said position, as adopted by the said commission; that a provisional appointment to the said position must be made pending the holding of a civil service examination to fill the said position; and that after June 22,1960, it will refuse to certify any payroll for the petitioner and his deputy and secretary.
The respondents contend that this proceeding was not commenced within the four months’ period fixed by section 1286 of the Civil Practice Act. The last action of the State Civil Service Commission, disapproving the resolution of the Municipal Civil Service .Commission placing the said positions in the exempt class, was on November 18, 1959. The Municipal Civil Service Commission placed the said positions in the competitive class on March 5, 1960. The proceeding was not commenced within four months of the said action of the State Civil Service Commission, but was instituted within four months after the said *1045 resolution of the Municipal Civil Service Commission. The petitioner claims that it was brought within four months after he was informed that the Municipal Civil Service Commission had classified said positions in the competitive class. Although the matter is not free from doubt, I believe that the proceeding was duly commenced. (Matter of Foy v. Brennan, 285 App. Div. 669; Matter of Rox v. Sweeney, 131 Misc. 780, 782, 783.)
The petitioner contends substantially as follows: that the position of Director of the Department of Urban Renewal is in the unclassified service of the civil service, pursuant to subdivision (e) of section 35 of the Civil Service Law; and that the positions of deputy and secretary are in the exempt class under paragraphs (b) and (c) of subdivision 1 of section 41 of the Civil Service Law. It will be necessary to first determine the class into which the position of director falls, before dealing with the position of deputy and secretary.
Parenthetically, it may be noted that the petitioner does not claim that he is a legislative officer, pursuant to subdivision (c) of section 35 of the Civil Service Law. Under Local Law No. 7, the director was appointed by the Common Council and apparently is not subject to the direction of the Mayor. The papers before the court show that his duties were administrative and not legislative. Therefore, his position does not come within subdivision (c) of section 35 of the Civil Service Law. (Matter of O’Grady v. Polk, 132 App. Div. 47.)
Unless the position of director is in the unclassified service, it is in the classified service. (Civil Service Law, §§ 35, 40.) All positions in the classified service are subject to the jurisdiction of the Municipal and State Civil Service Commissions to clasify, to require minimum qualifications and to fill positions by competitive examinations. Unless the position of director is in the unclassified service, the petition herein must be dismissed.
In every civil service case, the court must start with section 6 of article V of the State Constitution. (Matter of Andresen v. Rice, 277 N. Y. 271, 274.) This provision provides that appointments and promotions in the civil service of the State and of the several divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examination which, as far as practicable, shall be competitive. The Civil Service Law was passed to carry out this provision of the Constitution. Section 40 of the Civil Service Law provides that the classified service shall comprise all offices and positions not included in the unclassified service. The only exceptions to section 40 are contained in section 35 of the Civil *1046 Service Law. The constitutional provision mandates that, so far as practicable, positions in the civil service shall be filled according to merit and fitness to be ascertained, so far as. practicable, by examination which, so far as practicable, shall be competitive. Noncompetitive appointments are the exception and not the rule and are permitted only where it is not practicable to make the appointment by competitive examination. Positions in the unclassified service must be filled by competitive examination, if such examination is practicable, for the reason that the constitutional mandate may not be evaded by such classification. (Matter of Andresen v. Rice, 277 N. Y. 271, 276, 277; Matter of Carow v. Board of Educ., 272 N. Y. 341, 346, 347.)
It reasonably follows that the petitioner has the burden of establishing the position of Director of Urban Renewal of the City of Utica is in the unclassified service and that it is not practicable to fill the said position by competitive examination. The mere use of the title of ‘ ‘ Department ’ ’, used by Local Laws Nos. 3 and 7 of 1959 of the City of Utica, does not automatically bring the position of director within subdivision (e) of section 35 which provides that the head of a department of the government shall be in the unclassified service. The duties of the position, and not the title, determine the proper classification. (Matter of Chase v. Falk, 8 A D 2d 655, affd. 7 N Y 2d 817; Heath v. Creagh, 197 Misc. 537, 543, affd. 276 App. Div. 948.)
Section 3 of the Local Law No. 3 herein involved describes the duties of the department, as quoted herein above.
It is very difficult to determine exactly what is a “ Department ” as used in subdivision (e) of section 35 of the Civil Service Law. I have been unable to find any precise definition. It will be noted that section 2 of article V of the State Constitution, which article also contains section 6 relating to the civil service of the State, mentions specific departments of the State government. No reference to urban renewal is made therein. In Chase v. Falk (supra) it was indicated that the ‘ ‘ department of the government5 ’ as used in section 35 of the Civil Service Law means the State government and that by analogy “ the government” may, in some circumstances, be applied to local government. The City of Utica is a second-class city. The Second Class Cities Law provides for the departments mentioned therein in articles 6 through 11. No mention is therein made of urban renewal. Similarly, the Charter of the City of Utica, except as it may be amended by Local Laws No. 3 and No. 7 of 1959, does not mention urban renewal.
In my opinion the petitioner has failed to establish that the position of director is clearly in the unclassified service. Section *1047 35 of the Civil Service Law should be strictly construed, since it provides an exception to the constitutional mandate that all positions shall be filled according to merit and fitness to be ascertained by competitive examination, so far as practicable, and for the reason it constitutes an exception to the rule that generally all positions are in the classified service. The Municipal and State Civil Service Commissions have determined that the position of director should be classified in the competitive class and that it should be filled by competitive examination. This ruling of the commission is not arbitrary or unreasonable. Under these circumstances, section 6 of article V of the State Constitution requires a decision that the position is in the classified service. The reasoning of the court in Neff v. Falk (10 A D 2d 789) is equally applicable herein. Plaintiff has failed to show a clear legal right to a mandamus and, therefore, is not entitled to it. (Matter of McEneny v. McKee, 236 App. Div. 140, 144, affd. 262 N. Y. 494.) Matter of Seely v. Kaplan (24 Misc 2d 381) is distinguishable. The Highway Department involved therein was a significant and substantial department of the County of Orange. It was analogous to the State Department of Public Works.
The State Civil Service Commission has classified the positions of deputy director and secretary in the competitive class. Its action is not arbitrary or unreasonable and should be sustained. (Matter of Simons v. McGuire, 204 N. Y. 253; Matter of Rooney v. Rice, 274 N. Y. 347.)
The petition should be dismissed on the merits.