730

In the Matter of RAY B. MARTIN, on Behalf of Himself and Others, Appellant, v. WILLIAM E. BURKE et al., Constituting the Civil Service Commission of the City of Utica, et al., Respondents.— Order unanimously affirmed, without costs of this appeal to any party. (Appeal from order of Oneida Special Term dismissing the petition on the merits.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ. [25 Misc 2d 1042.]

SAM ACHTER, Respondent, v. MARY KINGSTON, Appellant.—

Memorandum: The trial court set aside a verdict of no cause of action upon the ground that certain questions referring to the witness' affiliation with two places of worship of a particular religion had created an unfair trial. No objections were made to the questions asked of the witness. We can see little or no probative value in interrogating the witness about this matter and it is regrettable that he was so questioned. We believe, however, that the verdict was not against the weight of the evidence and the result reached was one which the jury could properly have found. Under all the circumstances here presented the elements of a fair trial were not absent. The order setting aside the verdict was therefore an improvident exercise of discretion and should be reversed and the jury verdict reinstated. All concur, except Halpern, J., who dissents and votes for affirmance in the following memorandum: This action was brought to recover for personal injuries suffered by the plaintiff, when he was struck by an automobile alleged to have been negligently operated by the defendant, while the plaintiff was crossing the street at a street intersection in the City of Buffalo. The jury returned a verdict of no cause of action. After a full consideration of a motion to set the verdict aside, the trial court set it aside and granted a new trial " on the ground that the defendant's counsel interjected prejudicial material into the trial of the case and deprived the plaintiff of a fair trial ". There is no need to go into the details of what occurred at the trial; it is sufficient to say that the Trial Judge was convinced that an atmosphere of racial and religious prejudice had been generated by the conduct of the defendant's counsel. We do not know whether the record reflects all that occurred; there are many ways of creating a prejudicial atmosphere which do not show in the record. In a matter of this kind, we ought to accept the judgment of the Trial Judge who was in a better position than we now are to make a determination as to the prejudicial nature of what had taken place. " A court which reviews the weight of evidence as well as the law, as does an Appellate Division, must approach an appeal from a decision by a trial judge setting aside a verdict in the light of the nature of the duty and the subtle and not easily definable measure of responsibility which the judge exercises in decision " (Mann v. Hunt, 283 App. Div. 140, 141). In any event, and wholly apart from the question of the conduct of the defendant's counsel, the verdict of the jury was, in my opinion, contrary to the weight of the evidence. (Appeal from order of Erie Trial Term setting aside the verdict of the jury in favor of defendant for no cause of action and granting a new trial in an automobile negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.