In the Matter of SAMUEL J. COLE, Petitioner, *v.* TOWN BOARD OF THE TOWN OF HEMPSTEAD et al., Respondents.

Supreme Court, Special Term, Nassau County, June 24, 1965.

*Edward J. Hart* for petitioner. *John A. Morhous, Town Attorney,* for respondents.

JOSEPH A. SUOZZI, J. In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of the respondents dismissing the petition.

It is the petitioner's contention that Local Law No. 2 of the Town of Hempstead, adopted by the respondents on February 2, 1965, is invalid in that (1) it violates section 158 of the Town Law respecting the appointment of special patrolmen, (2) it violates section 20 of the Municipal Home Rule Law as it was not on the desks of the members at least seven days prior to passage, and (3) it was passed without the public hearing required by subdivision 11 of section 130 of the Town Law. As a citizen and a taxpayer, petitioner prays for a judgment declaring Local Law No. 2 invalid, canceling all appointments made thereunder, and enjoining the Town Board from making any further appointments.

After the denial of a motion to dismiss the proceeding on the ground that a legislative act may not be reviewed in an article 78 proceeding (short-form order of April 19, 1965, PITTONI, J.), the respondents interposed their answer in which they deny the material allegations of the petition and plead several defenses.

The first defense, that the petitioner seeks to review a legislative act and that such act may not be reviewed in an article 78 proceeding, is insufficient, for here the petitioner is not seeking to review the propriety of Local Law No. 2 but rather the power of the respondents to adopt it contrary to the statutes. Moreover, Mr. Justice PITTONI, by the short-form order noted above, held that the petition would not be dismissed on the same ground contained in the first defense, citing *Matter of Policemen's Benevolent Assn. of Westchester County* v. *Board of Trustees of Vil. of Croton-on-Hudson* (21 A D 2d 693, 695).

The second defense — that the petitioner has an adequate remedy at law — is also insufficient. This proceeding insofar as it seeks a mandamus type judgment to cancel allegedly invalid appointments and to enjoin further invalid appointments is an appropriate remedy provided by law to compel a public body to do its duty or to refrain from violating that duty.

The third defense — that the respondents have complied with the constitutional and statutory requisites in enacting Local Law No. 2, 1965 — is, however, well pleaded.

The return shows: that on January 12, 1965, a resolution was adopted providing for a public hearing on February 2, 1965, with respect to the establishment by local law of a Department of Safety; that notice of the public hearing was given by mail and by publication; that a public hearing was held on February 2, 1965, at which the petitioner, among others, appeared in opposition to the proposed local law; that Local Law No. 2–1965 was adopted on February 2, 1965, and a notice of its adoption was made by the Town Clerk on that date; that three certified copies of Local Law No. 2 were forwarded to the Secretary of State on February 8, 1965, and one certified copy to the State Comptroller on the same date; that acknowledgments of the receipt of the aforesaid copies were given by the Secretary of State on February 9, 1965, and by the State Comptroller's office on February 10, 1965; and that the notice of adoption of the law was posted on February 15, 1965, in accordance with law on the bulletin board, Town Hall, 350 Front Street, Hempstead, New York.

Based upon the afore-mentioned proof in the return and upon the presumption that official acts and duties have been performed (*Commission of Public Charities of City of Hudson* v. *Wortman*, 255 App. Div. 241, 245, affd. 279 N. Y. 711), it is assumed, as stated in the *Wortman* case: " in the absence of showing to the contrary that the proper procedural steps necessary to enactment were taken. In any event there was a substantial and sufficient compliance." Here, no proof is offered by the petitioner in support of the petition, and the allegation pertaining to noncompliance (par. 7 of petition) is " upon information and belief ". As stated in *Matter of Whitman No. 1* (225 N. Y. 1, 8–9) : " A suitor to the courts must present a grievance in the contemplation of the law and the facts from which it arises. Another established rule is that the *averments* presenting those facts and essential to the issuance of the peremptory writ of mandamus *cannot be upon the mere information and belief of the affiant* " (emphasis supplied).

The next question is : Does Local Law No. 2 violate section 158 of the Town Law? The subject law was not passed, as alleged by the petitioner, pursuant to section 158 of the Town Law. Section 158 is concerned with the appointment of special policemen who " shall have all the power and authority conferred upon constables by the general laws of the state and such additional powers, not inconsistent with law, as shall be conferred upon them by the town board ". Local Law No. 2 provides for a " Department of Safety " which would concern itself with " the protection of the real and personal property of the town,

including the properties of the special and improvement districts supervised and administered by the town board '' (§ 2.0) and have '' a trained staff to patrol and protect said facilities and maintain order thereon, which, however, shall not perform the functions, execute the authority or in any way usurp the jurisdiction of the police '' (§ 1.0). The special policemen have the powers and duties of policemen, whereas the employees of the Department of Safety are in the nature of watchmen, guarding municipal property but with no power of arrest, except to the extent that any citizen has such power when requested to assist the police in the performance of their duties.

The Town Board is empowered by the Constitution (art. IX, § 2, subd. [c]) to adopt laws not inconsistent with the '' constitution or any general law relating to its property, affairs or government '', and by section 10 (subd. 4, par. [d]) of the Municipal Home Rule Law it has the power to place a head of a department of its government in the unclassified service of the civil service, and to place one or more deputies who have the power to act generally for the head of the department in the exempt class of the civil service. Local Law No. 2 places the Director of the Department of Safety in the unclassified service and his deputies in the exempt service, with no provision pertaining to the status of the guards. Whether or not the classification of the director and his deputies is appropriate, and whether or not competitive examinations may be given for those positions as well as for the positions of Safety Guard, Guard-Sergeant and Guard-Lieutenant — for which Exhibits O, P and Q attached to the return indicate a noncompetitive classification is sought — are matters within the jurisdiction of the Nassau County Civil Service Commission.

As stated in *Matter of Chase* v. *Falk* (8 A D 2d 655, 656, affd. 7 N Y 2d 817) : '' The naked use of the word ' department ' in a local government would not necessarily or always describe a ' department of government ' as that term is used in the statutory context ''. See, also, *Matter of Martin* v. *Burke* (25 Misc 2d 1042, 1046, affd. 15 A D 2d 730) : '' The duties of the position, and not the title, determine the proper classification.'' Local Law No. 2 is not specific as to the duties of the director or his deputies, but merely states (§ 3.0) that the director shall have '' such powers and duties as that board [town board] may find necessary '', and (§ 4.0) that the '' town board may appoint such deputies  *  *  *  and prescribe the titles, powers and duties of each.''

In *Matter of Neff* v. *Falk* (10 A D 2d 789, affd. 9 N Y 2d 1004) it was held that a county fire co-ordinator who was appointed to

administer a county program for fire fighting and had several people assisting him was not the head of a department of government, for as that term is used it indicates a person with some independent authority. Here, too, unless the duties of the director and his deputies permitted some discretionary exercise of authority by them in the administration of the "Department of Safety", their classification in the unclassified and in the exempt class of civil service would not be proper. However, as stated before, the Nassau County Civil Service Commission has the jurisdiction to determine the appropriate classifications. This court is merely holding that on the grounds urged by the petitioner, the respondents are entitled to a dismissal of the petition.