WILLIAM L. McGOWAN et al., Respondents, v KAREN S. BURSTEIN et al., Constituting the Civil Service Commission of the State of New York, Appellants.

Third Department, July 30, 1987

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (O. Peter Sherwood* and *Barbara B. Butler* of counsel), for appellants.

*Marjorie E. Karowe (Jeffrey R. Armstrong* of counsel), for respondents.

## OPINION OF THE COURT

YESAWICH, JR., J.

This declaratory judgment action was commenced by plaintiffs, the Civil Service Employees Association, Inc., and its president, to determine the constitutional validity of an examination technique utilized by the Civil Service Commission, known as "zone testing" or "zone scoring", and to enjoin its use. Zone scoring is a test-grading technique whereby raw score results from civil service examinations are grouped into zones or ranges and job applicants with raw scores coming within the same zone or range are assigned the same score. Reference is then made to the zone, not the applicant's raw score, to determine which applicant qualifies for subsequent interviews and skills tests. Defendants concede that applicants are not apprised of whether zone scoring is to be employed on any particular test.

It is plaintiffs' contention that NY Constitution, article V, § 6 requires that "[a]ppointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive" and that zone scoring of civil service examinations administered by defendants contravenes the Constitution and implementing legislation and regulations in that it destroys the very competitiveness of those tests. Plaintiffs do not challenge here the use of zone testing in relation to any particular civil service examination.

After various procedural developments, not relevant to our analysis, Supreme Court ruled that defendants' unbridled discretionary use of zone testing on selected civil service examinations appears to be unconstitutional. Accordingly, defendants were preliminarily enjoined from employing this scoring method subject to certain procedural and substantive limitations, occasioning this appeal by defendants.

It is defendants' submission that the zone scoring technique which is employed with considerable frequency in the private sector and with increasing incidence in the public sector as well, fully complies with the merit and fitness requirements of the NY Constitution. In the view of defendants' experts, in the

field of employment testing, every examination result or raw score is, to a certain extent, tainted by error; therefore, a "raw" score does not equate with the individual's "true" score. Zone scoring recognizes and seeks to minimize the impact of this phenomenon by creating a "band" or zone around a raw score; the wider the band, the more confidence the employer can have that the individual's "true" score is reliably portrayed. Benefits of this technique are said to be that qualified applicants are not precluded from advancing and improvident hiring is reduced.

We find merit in plaintiffs' position. Apart from the obvious, that the competitive advantage which should inure to the benefit of the higher scoring applicant is effectively neutralized by this grading technique, it is also noteworthy that relegating applicants to zones, the breadth of which are determined after the examination, can work mischief, for those with demonstrably higher raw scores can be passed over by "nominating" officials for those with lower scores within the same zone, rendering the one in three rule (Civil Service Law § 61 [1]) ineffective, a palpably dismaying and improper result.

And insofar as defendants indicate that prospective use of zone scoring is necessary to mitigate adverse impact concerns for affirmative action purposes, the allure of this argument is subverted by defendants' response to plaintiffs' interrogatories, wherein they specifically represent that a preliminary determination of adverse impact is not a prerequisite for the use of zone scoring. Defendants' prospective use of zone scoring on any given test in anticipation of avoidance of title VII (42 USC § 2000e *et seq.)* litigation, however commendable, is not dispositive, for whatever defendants' duty under the Civil Rights Act of 1964, it is separate and distinct from their duty imposed by the unambiguously expressed law of this State, to insure a competitive examination process.

Nor is authority for this scoring device found in defendants' own regulations (4 NYCRR 67.1 [b], [c]). To the extent relevant, they envision the "statistical adjustment" of final scores (4 NYCRR 67.1 [b], [c]). Any such adjustment is, however, limited by a significant provision, namely, that the "relative order of scores is maintained" (4 NYCRR 67.1 [b], [c]). Manifestly, grouping into one zone individuals possessed of scores varying by as much as 9 to 10 points changes the "relative order" of those scores.

Retroactive use of zone scoring may indeed be necessary to

effectuate important affirmative action goals *(see, Guardians Assn. v Civil Serv. Commn.,* 630 F2d 79, *cert denied* 452 US 940)*, but that is not the matter before us. As framed by the pleadings, the issue presented is the propriety, given this State's commitment to competitive examinations, of using zone scoring on a prospective basis. And as to this, even *Guardians,* while approving of the use of zone scoring, recognizes that nonzoned tests are "by no means impossible" to lawfully administer *(supra,* at 103).

Inasmuch as zone grading is presumptively unconstitutional, defendants were properly restrained from prospectively employing this as a method of establishing eligibility lists from competitive civil service examinations. We recognize that there well may be particular civil service positions which lend themselves to zone scoring without contravening the merit and fitness requirement of the NY Constitution. With respect to any such positions, resort can be had by defendants to zone scoring provided that court authorization to do so, on appropriate notice to affected parties, is first obtained.

MAHONEY, P. J. (dissenting). Defendants appeal from an order of Supreme Court which denied the parties' motions for summary judgment and granted plaintiff's alternative request for a preliminary injunction. Initiallly, we are of the view that the record presents no triable issues of fact such that summary judgment should have been granted to one of the parties.

Plaintiffs' action does not challenge zone scoring as applied in a particular situation, but seeks a declaration that zone scoring is, per se, violative of the NY Constitution and the regulations of the Department of Civil Service. The applicable constitutional provision reads, in pertinent part: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive" (NY Const, art V, § 6).

The Court of Appeals has held that this provision does not require that examination scores be the sole determinant of fitness and has upheld Civil Service Law § 61 (1) which authorizes the appointment of any one of three persons with the highest standing on the eligibility list *(see, Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526). Plaintiffs claim that the concept of zone scoring violates this provision, with-

out regard to the specific manner in which zone scoring is applied to a particular test. It is apparent that there are circumstances where, based on the mechanics employed, zone scoring would not violate the requirement that examinations be competitive "as far as practicable". Thus, plaintiffs' per se challenge to zone scoring must fail. Supreme Court properly recognized that zone scoring could be abused. If plaintiffs believe that zone scoring as applied to a particular test violates the NY Constitution, a challenge to the methodology applied to that examination would be appropriate.

In conclusion, we would grant defendants' motion for summary judgment and make a declaration in their favor.

WEISS and HARVEY, JJ., concur with YESAWICH, JR., J.; MAHONEY, P. J., and LEVINE, J., dissent in an opinion by MAHONEY, P. J.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for summary judgment and granted their alternative request for a preliminary injunction; summary judgment awarded to plaintiffs and it is declared that defendants' use of the zone scoring technique on competitive civil service examinations is violative of NY Constitution, article V, § 6 and 4 NYCRR 67.1 (b) and (c), and that defendants are prohibited from using said technique unless authorized to do so by prior court order; and, as so modified, affirmed.