OPINION OF THE COURT
Chief Judge Wachtler.
Article V, § 6 of our State Constitution requires that, as far *732 as practicable, the merit and fitness of candidates for appointments and promotions in the civil service be ascertained by competitive examination. The primary question presented by this appeal is whether, consistent with this constitutional requirement, such examinations may be subject to zone scoring, a grading method which assigns a single grade to a range of raw scores. The letter grades A-F or a pass/fail grading system are familiar, but extreme, illustrations. A more subtle example is the practice of rounding scores in the range from 88.6% to 88.9%, for instance, up to 89%.
Plaintiffs, representatives of a large number of the State’s public employees, claim that the practice renders examinations scored in such a manner noncompetitive and therefore unconstitutional. We note at the outset, because it is critical to our analysis, that the attack is a facial one.
Supreme Court denied the parties’ cross motions for summary judgment, but granted plaintiffs’ alternative request for a preliminary injunction. The court concluded that defendants had apparently employed zone scoring in a manner that allowed subjective factors other than merit and fitness to enter the selection process, in violation of the Constitution. The court therefore enjoined defendants from using the technique without prior court approval or consent of the plaintiffs, together with a demonstration of the justification for its use.
 The Appellate Division, with two Justices dissenting, found the practice "presumptively unconstitutional” and modified by granting summary judgment in plaintiffs’ favor and declaring that zone scoring violates the State Constitution and certain of defendants’ regulations (130 AD2d 123, 127). We now reverse.
Preliminarily, we note our agreement with the courts below that zone scoring poses a threat to the competitive examination process that serves as the foundation of the merit system. The use of overly broad zones could negate the competitiveness of the test, allow too much room for the subjective judgments of appointing authorities and invite personal and political influence into the selection process. Any practice with such potential must be approached with skepticism.
However, the broadside nature of plaintiffs’ challenge bears emphasis. Plaintiffs are not challenging zone scoring as' applied to any particular civil service examination; nor do they limit their challenge to the use of overbroad zones or allege a specific instance of favoritism resulting from the practice. *733 Instead, they seek a declaration that zone scoring is per se violative of the State Constitution and ask that the practice be permanently enjoined. To sustain their challenge, as so framed, plaintiffs must demonstrate that zone scoring in any degree and in every conceivable application would be unconstitutional. They have not carried this burden.
Article V, § 6, the constitutional basis for the challenge, provides as follows: "Appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”. New York was the first State to constitutionalize the merit and fitness requirement, a reflection of our citizens’ insistence that competence, rather than cronyism, should determine civil service appointments (see, Hale v Worstell, 185 NY 247, 251; see also, Matter of Montero v Lum, 68 NY2d 253, 258).
The Department of Civil Service, which the defendant Commissioners oversee, is the agency charged with the task of implementing the merit system (Civil Service Law §§ 5, 6). The Department must determine what knowledge, skills and abilities are required for a given position, assess whether the relevant attributes can be measured by a competitive examination and, if so, develop, administer and grade a test from which those characteristics may be discerned. In addition, as defendants point out, care must be taken that success on the examination does not depend on factors that are unrelated to the candidate’s fitness for the position, not only because fitness is the object of the merit system, but also because such factors may discriminate among equally qualified candidates along ethnic, racial or sexual lines, in violation of the State Human Rights Law (Executive Law § 296) and the Federal Civil Rights Act of 1964 (42 USC § 2000e et seq.). The complex, highly technical, and sometimes even competing nature of these functions justifies considerable judicial deference to the Commission’s greater ability to assess whether, to what extent, and in what manner merit and fitness should be measured by competitive examinations (see, Matter of Grossman v Rankin, 43 NY2d 493; People ex rel. Moriarity v Creelman, 206 NY 570, 575; People ex rel. Schau v McWilliams, 185 NY 92, 98-99)
It appears that defendants zone score exams rarely, and then primarily when the use of strict rank ordering would, in *734 their view, overemphasize certain skills and preclude adequate consideration of other necessary attributes. For example, the position being tested for may require a variety of testable skills, but it may also require, in equal or greater measure, oral communication skills, the ability to interact with others, or some other characteristic which cannot be readily and reliably measured by a written examination. In this and similar situations, defendants assert, the Constitution permits a grading system such as zone scoring which discounts marginal and perhaps statistically insignificant degrees of success on the written examination, when necessary to accommodate adequate consideration of other relevant criteria. We agree that the Constitution does not mandate an absolute prohibition of such testing and grading techniques.
The competitive examination is favored by the Constitution because it provides, presumably, an objective and verifiable measurement of the candidates’ merit (Matter of Fink v Finegan, 270 NY 356, 363). We acknowledged in Matter of Cassidy v Municipal Civ. Serv. Commn. (37 NY2d 526), however, that examination scores are often unable to reflect all aspects of a candidate’s fitness for a position and, for that reason, that it was desirable and constitutionally permissible for the appointing authority to be given room to consider the unmeasurable traits necessary for fulfillment of the duties. On that basis, we upheld, against a constitutional challenge, Civil Service Law § 61, which permits the appointment of any 1 of 3 persons with the highest standing on the eligibility list.
Implicit in that decision and in the constitutional language is the understanding that competitiveness is not a constitutional end in itself. Merit selection is the overarching constitutional goal and command; the competitive examination is the preferred means of compliance, but it is not a coequal — and certainly not a competing — goal. It would be perverse to sanctify rank ordering of exam scores in a quest to maximize competitiveness if, as a result, other considerations relevant to merit and fitness are discounted or swept aside (see, Matter of Sloat v Board of Examiners, 274 NY 367, 373).
It is no answer to suggest, as plaintiffs do, that in those rare cases where certain necessary attributes cannot be assessed by a written examination, then the position should not be included in the competitive class. The constitutional preference *735 for competitive examinations, on which plaintiffs hinge much of their argument, provides sufficient reason to shun such an all or nothing approach. That preference commends a middle ground which incorporates both competitive testing and consideration of untestable attributes, where both are necessary for a complete evaluation of merit and fitness (Matter of Fink v Finegan, supra, at 362). Such flexibility provides an incentive for defendants to include a doubtful position in the constitutionally favored competitive class.
We hold, therefore, that article V, § 6 of the New York Constitution does not require a blanket prohibition of the use of zone scoring in competitive civil service examinations. As the issue is now framed, it would be inappropriate for us to speculate as to what standards should govern the use of zone scoring. Those considerations are best measured against specific facts, such as the breadth of the zones used, the justification for their use advanced by the Department of Civil Service, the qualifications required for the position in issue, and the extent to which a particular selection process, viewed as a whole, may lack objectivity and invite consideration of impermissible factors. This facial challenge does not provide us with the necessary background to render such an assessment.
As for plaintiffs’ claim that zone scoring violates defendants’ own requirement that "the relative order of scores [be] maintained” (4 NYCRR 67.1 [b], [c]), we note only that defendants, quite obviously, interpret their regulations, including the cited ones, as allowing for zone scoring. In light of the numerous other adjustments to raw scores plainly contemplated by the regulations, some of which can result in inversion of the relative rank order (see, e.g., 4 NYCRR 67.1 [f]), it is clear that the regulations do not make rank order inviolate. Thus, defendants’ interpretation is neither irrational nor arbitrary and should be upheld (see, Matter of Howard v Wyman, 28 NY2d 434, 438).
Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiffs’ motion for summary judgment denied, defendants’ motion for summary judgment granted, and judgment granted in favor of defendants declaring that defendants’ use of the zone scoring technique on competitive civil service examinations is not per se violative of NY Constitution, article V, § 6 or 4 NYCRR 67.1 (b) and (c).
*736 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, with costs, plaintiffs’ motion for summary judgment denied, defendants’ motion for summary judgment granted and judgment granted in favor of defendants in accordance with the opinion herein.