▮ In the Matter of JANE BECKER et al., Appellants, v SCHOHARIE COUNTY BOARD OF SUPERVISORS et al., Respondents. —Mahoney, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered October 24, 1989 in Schoharie County, which dismissed petitioners' application, in a proceed-

ing pursuant to CPLR article 78, to review a determination of respondent Schoharie County Board of Supervisors denying petitioners' appointment to Schoharie County civil service positions.

The County of Schoharie conducted an open competitive examination for two additional positions in the County Clerk's office, designated as motor vehicle representative 1 (hereinafter MVR-1). The position was assigned salary grade 10 with a starting salary of $14,315. Petitioners, then permanent county employees in other departments earning higher salaries than that assigned to MVR-1, achieved higher grades on the examination than the persons ultimately appointed. One of the petitioners signed a declination form regarding appointment to MVR-1 and another petitioner expressed her refusal to sign a statement of interest in or declination of appointment to the position. Respondents treated these actions as declinations, readjusted the eligibility list and appointed two provisional employees who were performing the duties of MVR-1, each of whom was then on the eligibility list.

Petitioners' uncertainty over these positions stemmed from their belief that, under their collective bargaining agreement, appointment to MVR-1 should be a promotion so that they could receive their higher salary. The county disagreed, so petitioners' collective bargaining representative filed a grievance which was submitted to arbitration. The arbitrator concluded that the county did not violate the agreement by refusing to offer county employees more than the starting salary of the grade 10 position of MVR-1.

Meanwhile, petitioners commenced this CPLR article 78 proceeding for judgment rescinding the appointments made to fill the MVR-1 position and directing respondents to select two of the petitioners for appointment to that position. Supreme Court dismissed the petition. This appeal ensued.

Petitioners claim that respondents violated the merit and fitness requirement of civil service (see, NY Const, art V, § 6; McGowan v Burstein, 71 NY2d 729, 733) by coercing them to decline appointment to the positions so that provisional workers could be appointed permanently. Petitioners assert that their interviews were conducted in an unfair manner, that they were not given an adequate opportunity to consider whether to accept appointment and that respondents were committed to appointing the provisional employees permanently and conducted the appointment process toward this end to petitioners' detriment. Respondents deny any coercive conduct and describe the events leading to appointment of the

provisionals in a different manner than petitioners. It is our view, in light of these conflicting versions of the appointment process, that a hearing is required to resolve this dispute *(see,* CPLR 7804 [h])*.* Accordingly, the judgment must be reversed and the matter remitted to Supreme Court for further proceedings.

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.