In the Matter of HOWARD SHAFER, as President of the New York State Public Employees Federation, AFL-CIO, et al., Respondents, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Appellants, et al., Respondents.

Third Department, November 14, 1991

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Victor Paladino* and *Peter H. Schiff* of counsel), for appellants.

*Peter Henner* for Howard Shafer and others, respondents.

**OPINION OF THE COURT**

CASEY, J. P.

■ At issue on this appeal is whether Supreme Court erred in annulling the determination of the Civil Service Commission which classified as exempt 40 positions of municipal financial analyst in the Office of the Special Deputy Comptroller for the City of New York. A review of the record reveals the absence of a rational basis for the determination and, therefore, Supreme Court's judgment should be affirmed.

In *Matter of Condell v Jorling* (151 AD2d 88, 93) we explained:

"Exemption is the exception and is constitutionally permissible only when it is established that a competitive examination is not practicable. Practicability denotes the ability to *objectively* and 'fairly test the relative capacity and fitness of the applicants to discharge the duties of the service to which they seek appointment' * * * and begins with an analysis of the nature and character of the duties involved in the performance of a particular position * * *

"Essentially, there are two different bases upon which impracticability can be asserted: (1) because of the confidential character of the position, or (2) because the nature of the duties involved is such that a competitive examination is an insufficient method 'to fully and fairly determine the merit and fitness of the contemplated employee' " (emphasis in original).

Respondents contend on appeal that the determination at issue is based upon conclusions that the municipal financial analyst position is confidential and requires untestable skills. The record contains affidavits submitted by respondents which refer to the confidential nature of the position and the unique skills required of those who serve in the position, but it is not clear whether these conclusions are post facto attempts to rationalize a decision founded on other grounds or whether the conclusions actually served as a basis for the determination. For example, there is evidence in the record that respondent Comptroller sought to have the position classified as exempt to insure the appointment of individuals supportive of the Comptroller's basic philosophy, and to afford the Comptroller flexibility to determine both initial appointment and tenure.

■ More important is the absence of any objective evidentiary support for the conclusion that the positions are confi-

dential. Petitioners submitted documentary evidence which demonstrated that the duties performed by the municipal financial analysts are basically the same as the duties of auditors and analysts whose positions are in the competitive class. In response, respondents submitted affidavits which assert that the positions are different because the duties and responsibilities of municipal financial analysts are "policy oriented", "confidential", "highly sensitive" and "policy sensitive", but there is no evidentiary support for these purely subjective characterizations. On the contrary, it appears that the municipal financial analysts work with factual information and data which mainly come from nonconfidential records and sources, and the special studies they produce are public documents. The mere fact that their deliberations and recommendations during the decision-making process are exempt from disclosure under the Freedom of Information Law does not make their duties confidential. Nor is there any merit in respondents' claim that the duties are confidential because the analysts represent the Comptroller at key meetings with high-ranking city, State and Federal officials. The record discloses that only one of the 40 municipal financial analysts attended meetings of the Financial Control Board as the Comptroller's representative. In short, respondents claim that the position of municipal financial analyst is confidential in nature because the duties are characterized by certain officials as confidential, policy oriented and highly sensitive, but in the absence of objective evidence of the confidential nature of the position, we are of the view that these subjective characterizations do not provide the necessary rational basis to support the determination which classifies the positions as exempt.

■ With respect to the alternative basis for asserting impracticability, the duties involved in the position must be such that a competitive examination is an insufficient method "to fully and fairly determine the merit and fitness of the contemplated employee" *(People ex rel. Sweet v Lyman,* 157 NY 368, 382). On this appeal, respondents have focused largely upon their claim that the position of municipal financial analyst is confidential, but they also assert that "non-testability" played a role in the exempt classification. As previously noted, petitioners submitted documentary evidence that the duties performed by municipal financial analysts are basically the same as the duties of auditors and analysts whose positions are in the competitive class. Other than respondents' conclusory

allegations, there is no evidence in the record of any material difference in the duties which would provide a rational basis for concluding that a competitive examination is impracticable for municipal financial analysts even though it is an objective and fair method of testing the relative capacity and fitness of auditors and other analysts.

Assuming that respondents' conclusory claim was sufficient to establish that there are additional qualifications for the position of municipal financial analyst which might distinguish that position from auditors and other analysts, there is no evidence in the record that those claimed additional qualifications could not be assessed by competitive testing. In any event, the existence of some additional qualifications that could not be assessed by competitive testing would not provide a rational basis for exempting the position because this would then be one of those rare cases where respondents could be required to embark upon a search for the " 'middle ground' " referred to by this court in *Matter of Condell v Jorling* (151 AD2d 88, 92-93, *supra; see, McGowan v Burstein,* 71 NY2d 729, 734-735).

█ In this proceeding in the nature of mandamus to review *(see,* Siegel, NY Prac § 558, at 875 [2d ed]), petitioners bore the burden of showing that respondents' determination was arbitrary, capricious or affected by an error of law *(Matter of Grossman v Rankin,* 43 NY2d 493, 502; *see,* CPLR 7803 [3]). We are of the view that petitioners met this burden and, therefore, the judgment which annulled respondents' determination must be affirmed. In contrast to the case of *Matter of Condell v Jorling (supra),* there are no factual issues in this case which can be resolved in such a manner that would alter our conclusion that the determination was properly annulled.

MIKOLL, J. (dissenting in part and concurring in part). We agree that the Civil Service Commission's determination that the position of municipal financial analyst should be placed in the exempt class is not supported by rational evidence in the record. The record does, however, indicate that there are real issues of material fact as to whether the work of auditors and analysts in the competitive class differs in any substantial way from the work of municipal financial analysts. Since the record contains sufficient facts to demonstrate that the hard proof or empirical data necessary to demonstrate that competitive testing would be impractical exists and can be demonstrated at trial, summary disposition is inappropriate.

Neither party has satisfied their burden of proof. The matter should be remitted for trial *(see,* CPLR 7804 [h]; *Matter of Grossman v Rankin,* 43 NY2d 493, 504).

WEISS and LEVINE, JJ., concur with CASEY, J. P.; MIKOLL and YESAWICH, JR., JJ., dissent in part and concur in part in a separate opinion by MIKOLL, J.

Ordered that the judgment is affirmed, without costs.