■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [721 NYS2d 127] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered October 13, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State University of New York categorizing a job as an unclassified service position.

This proceeding stems from a 1998 announcement by respondent State University of New York (hereinafter SUNY) of a vacancy for a "staff assistant" position in the warehouse department of SUNY-Plattsburgh, which position was entitled "warehouse staff assistant" in an internal SUNY-Plattsburgh announcement. Respondent Gina Doty was appointed to the position in January 1999. Shortly thereafter, petitioner's representative wrote to SUNY objecting to the categorization of the "warehouse staff assistant" position as an unclassified service position (*see*, Civil Service Law § 35) arguing that the position was actually that of a "principal stores clerk," a classified service position within a bargaining unit represented by petitioner, and charging that SUNY had abused its discretion by designating the position as an unclassified professional position. SUNY responded that the SUNY-Plattsburgh warehouse position was properly designated a "staff assistant" position due to the nature of the duties involved and the more stringent minimum qualifications required for the position.

Petitioner commenced this CPLR article 78 proceeding in Supreme Court claiming that SUNY's appointment of Doty as a "warehouse staff assistant" was improper because it violated Civil Service Law § 35 (h)[1] and that SUNY acted arbitrarily, capriciously and contrary to law because the duties of the position to which Doty was appointed, however labeled, do not warrant it being placed in the unclassified service category. The answer of SUNY, its Chancellor, respondent Civil Service Commission and its Commissioner (hereinafter collectively referred to as the State respondents) asserted, *inter alia*, that the position of "warehouse staff assistant" does not exist in the SUNY system, that the position at issue is a "staff assistant" position, that the position of "staff assistant" has been duly certified as an unclassified service position since 1991 and that the duties of the position to be filled in the warehouse on the SUNY-Plattsburgh campus warranted its placement in unclassified service in accordance with the applicable statutes. Supreme Court found that Doty's appointed position was an unclassified service position of "staff assistant," not a newly created position of "warehouse staff assistant," that it was not irrational, unreasonable or arbitrary for the State respondents to distinguish Doty's position from a "principal stores clerk," that the State respondents did not fail to comply with Civil Service Law § 35 and dismissed the petition. Petitioner appeals.

Initially we note that "[a]dministrative determinations concerning position classifications are * * * subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912; *see*, *Matter of Steen v Governor's Off. of Empl. Relations*, 271 AD2d 738, 739). Additionally, petitioner bears "the burden of showing that [a] determination was arbitrary, capricious or affected by an error of law" (*Matter of Grossman v Rankin*, 43 NY2d 493, 502; *see*, *Matter of Shafer v Regan*, 171 AD2d 311, 315, *affd* 80 NY2d 1006).

---

1. Civil Service Law § 35 states, in pertinent part:

"The civil service of the state and each of its civil divisions shall be divided into the classified and unclassified service. The unclassified service shall comprise the following: * * *

"(h) all positions in the state university in the professional service as defined in subdivision three of section three hundred fifty-five-a of the education law, which positions shall be determined by the chancellor of the state university and certified by him to the civil service commission; provided, however, that any state university position in the classified service which the chancellor seeks to designate as unclassified must be approved by the civil service commission before such change in designation."

Petitioner attempts to support its position, that the State respondents took a classified position (principal stores clerk) and designated it as a newly created position in the unclassified service in violation of the statute, by claiming that the State respondents have failed to provide a job description or classification standards for the positions of "staff assistant" or "warehouse staff assistant." However, the burden is upon petitioner to make the necessary showing that the position in the SUNY-Plattsburgh warehouse to which Doty was appointed was a classified service position and not an unclassified service position ("staff assistant") as the State respondents contend (*see, Matter of Grossman v Rankin, supra,* at 502).

Nevertheless, the record does reflect that the State-wide "Announcement of Professional Vacancy," published by the State respondents, clearly indicates that the position is that of a "staff assistant." Additionally, the State respondents provide the affidavit of SUNY's Director of Human Resources, which includes among its exhibits the State-wide vacancy announcement which describes the duties of and the qualifications required for the "staff assistant" position at the SUNY-Plattsburgh warehouse. That affidavit avers that the position of "staff assistant" has been duly certified by respondent SUNY Chancellor to be in the unclassified professional service since 1991 and provides documentary proof of that certification. Our review of these submissions leads us to the conclusion that the position to be filled was that of a "staff assistant" and we reject petitioner's claim that the position at the warehouse at SUNY-Plattsburgh to which Doty was appointed was a classified service position or a newly created position not duly certified as an unclassified service position by the Chancellor as required by the statute.

There is also no merit to petitioner's next argument, that the State respondents' determination, that the warehouse position at SUNY-Plattsburgh was that of a "staff assistant" and not a "principal stores clerk" position, was arbitrary and capricious. While we must look to the duties, not the title, to determine the proper classification of a position (*see, Matter of Martin v Burke,* 25 Misc 2d 1042, 1046, *affd* 15 AD2d 730), a comparison of the duties and job requirements for the position of "principal stores clerk"[2] with those of the "staff assistant" position for the SUNY-Plattsburgh warehouse reveals that the positions are not " ' "so substantially similar as to be appropriately termed

---

2. The classification standard for a "principal stores clerk" which sets forth the duties and job requirements for that position is annexed to the affidavit of SUNY's Director of Human Resources as an exhibit.

identical" ' " (*Matter of Civil Serv. Empls. Assn. v Clinton County Dept. of Pub. Health*, 169 AD2d 970, 972, quoting *Matter of Averack v Poston*, 43 AD2d 657). The positions have vastly different educational requirements and many different duties and, while some of the duties of each position appear similar, clearly the "staff assistant" position entails more managerial tasks and greater responsibilities. Petitioner's conclusory allegation that the State respondents' designation of the instant position as a "staff assistant" was arbitrary and capricious is not supported by the proof and, consequently, the designation cannot be said to lack a rational basis and may not be disturbed (*see, Cove v Sise*, 71 NY2d 910, 912, *supra*).

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.