■ In the Matter of ROGER E. BENSON, as President of the New York State Public Employees Federation, AFL-CIO, et al., Appellants, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. [745 NYS2d 329] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 12, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to

review a determination of respondent Civil Service Commission upholding the use of zone scoring to rank candidates on a certain eligibility list.

Petitioners contend that respondent Department of Civil Service (hereinafter the Department) improperly used zone scoring to rank the eligibility of candidates for the promotional positions of Health Program Administrator I and II. The examination consisted of two separate tests. Each test was scored on a 100 point scale and the two test scores were averaged to arrive at a total examination score on a 100 point scale. Seniority credits were added to the total examination score (see, Civil Service Law § 52 [2]), resulting in a score that was placed in the applicable bandwidth to arrive at a zone score. The top bandwidth was comprised of scores falling within a 3.6-point spread (i.e., 96.4 to 100) and received a zone score of 100. Thereafter, all the bandwidths decreased by point spreads of 4.3 and the accompanying zone score decreased by five points.* Any applicable veteran's credits were added to the zone score and then the eligibility list was generated. Of the 601 candidates who passed the examination, 10 achieved a score in the top zone prior to adjustments for seniority and, after such adjustments, 74 candidates were in the top zone. Petitioners include three individuals who were in the first or second zone, but were not selected for a promotion.

Upon administrative challenge, the Department sustained the zone scoring method and respondent Civil Service Commission (hereinafter the Commission) denied the appeal from the Department's determination. Petitioners commenced the current CPLR article 78 proceeding alleging that the use of zone scoring was arbitrary and in violation of the Civil Service Law, the Department's regulations and the State Constitution. Supreme Court dismissed the petition finding a rational basis for respondents' use of zone scoring under the particular circumstances presented. Petitioners appeal contending that the Commission's decision was arbitrary and capricious, unsupported by a rational basis and otherwise unlawful.

The merit and fitness of candidates for civil service appointments and promotions are to be ascertained, as far as practicable, by competitive examination (NY Const, art V, § 6). The constitutional provision, together with the statutes and regulations promulgated consistent therewith, are intended not to extinguish all discretion but to limit the pool of qualified candidates from which a selection may be made (see, Matter of

---

* For example, a score in the 92.0 to 96.3 band received a zone score of 95, a score in the 87.6 to 91.9 band received a zone score of 90, and so on.

*Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 374-375). While any use of zone scoring must be analyzed carefully (*see, McGowan v Burstein*, 71 NY2d 729, 732), the Constitution does not cast a blanket prohibition over such scoring method (*see, id.* at 735). Relevant factors in analyzing the use of zone scoring include "the breadth of the zones used, the justification for their use advanced by the Department * * *, the qualifications required for the position in issue, and the extent to which a particular selection process, viewed as a whole, may lack objectivity and invite consideration of impermissible factors" (*id.* at 735).

Recognizing that the Commission's decision should be afforded substantial deference and acknowledging that this Court's "scope of review is limited to whether the decision was arbitrary and capricious, affected by an error of law or an abuse of discretion" (*Matter of Benson v McCaul*, 268 AD2d 756, 757, *lv denied* 94 NY2d 764; *see*, CPLR 7803 [3]), we affirm. We are not persuaded by petitioners' contention that the Commission's decision was arbitrary since it contained conclusory justifications for the zone scoring. The Commission's decision following an informal hearing referenced the Department's determination, which had addressed the test methology and set forth the specific reasons that zone testing was used, including that the Health Program Administrator title encompassed a broad range of activities and tasks, the knowledge, skills and abilities for the different positions within the title varied considerably, and there were limitations on the role of testing to accurately reflect the nuances of the diverse positions. The sundry submissions by the parties (*see, Matter of Benson v McCaul, supra* at 757-758) include respondents' illustration of the variety of the potential positions within the title reflected by comparing the potential difference between the knowledge and skills to work in the AIDS program and the knowledge and skills to work in the environmental health program. Respondents further explained that the single title covers three broad roles with divergent responsibilities, characterized as "administrative officer," "grant proposal coordinator" and "contract management." In addition to the qualification-based justifications provided by respondents for zone scoring, the breadth of the utilized zones was limited. The top zone had a point spread of 3.6 and the other zones had 4.3-point spreads. Before seniority adjustments, 10 of 601 candidates attained the top zone. Review of the record reflects that the zones were narrowly drawn and adequate reasons were set forth for establishing the zones.

We also find unpersuasive petitioners' further contentions

that the zone scoring violated Civil Service Law § 61 (1) and the Department's regulations pertaining to maintaining ranking order (see, 4 NYCRR 3.6, 67.1 [b]). Neither the "one-in-three" rule of Civil Service Law § 61 (1) nor the Department's regulations mandate that candidates be ranked exclusively by raw score (see, McGowan v Burstein, 71 NY2d 729, 735, supra). The respondent named herein who was promoted following the test was chosen from the highest level of the zone scores and, therefore, her promotion was not violative of the statute or regulations.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.