Chief Judge Kaye
(concurring in result). I join in the Court’s rejection of defendant’s as-applied vagueness challenge. Additionally, I agree with the Court’s rejection of defendant’s facial challenge because the language of the statute provides persons of ordinary intelligence with fair notice of what is proscribed and does not permit arbitrary or discriminatory enforcement by the police. That is all that is required to resolve this case, in accordance with a long line of precedents of this Court and others throughout the state that have for decades entertained as-applied and facial challenges to statutes.
What I cannot accept is the rule now imposed that — in a vagueness challenge — a statute must be found constitutional on its face whenever an as-applied challenge fails. The Court’s last sentence says it all: “because there exists at least one constitutional application of the statute, it is not invalid on its face” (majority op at 429). Thus, either a statute will be found constitutional as applied and a facial challenge thereby fails on the merits (as here), or a statute will be found unconstitutional as applied and the Court — having resolved the controversy before it — does not need to reach the facial challenge.
The Court’s rule is taken from United States v Salerno (481 US 739, 745 [1987]), which opined that, in order to prevail on *430 most facial claims, “the challenger must establish that no set of circumstances exists under which the Act would be valid.” This, however, has not previously been our rule for vagueness challenges to criminal statutes,[1] nor should it be. Indeed, it is not even the Supreme Court’s rule.[2]
A statute is unconstitutionally vague when either of two separate circumstances exist: (1) the statute fails to provide sufficient notice, such that “a person of ordinary intelligence” “could not reasonably understand [what conduct is lawful and what is] proscribed,” or (2) the statute is written in a manner that permits or encourages arbitrary or discriminatory enforcement (People v Bright, 71 NY2d 376, 382 [1988]). The first prong thus presumes that the statute by its terms may cover both innocent and criminal conduct, without fair notice of which conduct is meant to be prohibited. In other words, a vague statute may well cover situations properly criminalized, and would thus be constitutional as applied to those situations. Such a statute — although not unconstitutional in all its applications — could nevertheless be vague on its face insofar as its language covered not only such conduct, but also a substantial amount of innocent conduct (see Papachristou v City of Jacksonville, 405 US 156, 163 [1972] [vagrancy statute unconstitutionally vague because it “makes criminal activities which by modern standards are normally innocent”]; cf Fargo Women’s Health Org. v Schafer, 507 US 1013, 1014 [1993] [O’Connor, J., joined by Souter, J., concurring] [facial challenge to abortion waiting-period statute may prevail if law is unconstitutional “in a large fraction of* * * cases”]).
*431 In Bright, after striking down the statute on its face, we then went on to determine that even if it had not been vague on its face, the statute would still have been vague as applied insofar as “transportation facility” was “defined in such a broad, all-encompassing manner so as to include some facilities that are more analogous to the public street than to a specific area of restricted public access that gives notice of its prohibition against loitering” (71 NY2d at 386). Because the two facilities involved in Bright — the Long Island Railroad Station and the Port Authority Bus Terminal — were each more like a “small, indoor city” than merely a station that offered few amenities and served “primarily as a place to purchase a ticket and wait for a train” or a bus, we held the statute unconstitutional as applied {id. at 387, 386). By implication, had the transportation facility in question been a small-town station instead of a multipurpose New York City complex, the statute would not have been vague as applied. And had a defendant from that small town challenged the statute only as applied, that defendant would have lost. But we nevertheless held the statute unconstitutional on its face, although it was not unconstitutional in every conceivable application.
Similarly, in Coates v City of Cincinnati (402 US 611, 612 [1971]), the Supreme Court struck down as vague on its face an ordinance prohibiting persons assembled on a sidewalk from “conduct[ing] themselves in a manner annoying to persons passing by.” The Court explained that “[i]t is said that the ordinance is broad enough to encompass many types of conduct clearly within the city’s constitutional power to prohibit. And so, indeed, it is. The city is free to prevent people from * * * engaging in countless * * * forms of antisocial conduct. It can do so through the enactment and enforcement of ordinances directed with reasonable specificity toward the conduct to be prohibited. * * * It cannot constitutionally do so through the enactment and enforcement of an ordinance whose violation may entirely depend upon whether or not a policeman is annoyed” (402 US at 614 [citation omitted]). Again, a defendant whose conduct was “clearly within the city’s constitutional power to prohibit” and who challenged the statute only as applied would have lost but yet the statute would still have been unconstitutional on its face.
This makes sense because vagueness is different. Insofar as a statute’s language may be read to cover both criminal and innocent conduct — and thus may in some circumstances be constitutional as applied and in others unconstitutional — it *432 may fail to provide fair notice as to just what conduct is in fact meant to be prohibited, rendering it unconstitutional on its face. It is only in this sense — that no one can define the limits of the situations that a statute is meant to proscribe, even though some may know with certainty that their conduct is included within the vast universe of what is prohibited — that it may be said that a facially vague statute is vague in all its conceivable applications.
In other words, a facially vague statute fails to give anyone notice of its limits, even though everyone might understand its core, and even though it may not be unconstitutional as applied to this core. A vague statute grants the police “too much discretion in every case,” regardless of whether that discretion is applied “wisely or poorly in a particular case * * *. And if every application of the ordinance represents an exercise of unlimited discretion, then the ordinance is invalid in all its applications” (Morales, 527 US at 71 [Breyer, J., concurring] [emphasis in original]). Indeed, the Supreme Court has declared that “the more important aspect of vagueness doctrine ‘is * * * the requirement that a legislature establish minimal guidelines to govern law enforcement’ ” (Kolender, 461 US at 358 [citation omitted]).
Insofar as the Court now concludes that defendants may not mount a facial challenge when they should have known that their conduct was meant to be proscribed by the challenged statute, its analysis mistakenly focuses exclusively on the first prong of the vagueness test while ignoring the second. Indeed, a focus on the second, “more important” (Kolender, 461 US at 358), prong makes clear why the Court’s rule is hard to sustain. Were vagueness to be defined merely in terms of whether a statute provides fair notice of what is prohibited, it would be easy to conceive of the failure of an as-applied challenge when the conduct of the particular defendant fit “squarely within the ‘hard core’ of the statute’s proscriptions” (Broadrick v Oklahoma, 413 US 601, 608 [1973]). But the second prong mandates that a statute not permit or encourage arbitrary or discriminatory enforcement by the police. The test is not whether an officer actually exercised discretion arbitrarily in a given case.
Thus understood, an analysis of the second prong “as applied” to a defendant has no discernible meaning; the very nature of a second-prong analysis is inherently a facial one. Indeed, the Court’s so-called “as-applied” analysis — focusing as it does on the language of the statute as commonly understood; properly construing “no legitimate purpose” to mean “the *433 absence of a reason or justification to engage someone, other than to hound, frighten, intimidate or threaten” (majority op at 428); and concluding that the statute is not “in any way vague” (majority op at 427) — seems to me to be in truth a facial analysis.
Finally, the Court asserts that, under its rule, facial challenges may nevertheless succeed — as in Bright — when a statute is “so vague that it fail[s] to specify any standard of conduct * * * and placets] ‘complete discretion in the hands of the police’ ” (majority op at 423 [citation omitted]). A statute is vague when a person of ordinary intelligence cannot reasonably understand what conduct is proscribed or when it is written in a manner that permits or encourages arbitrary or discriminatory enforcement. To begin to distinguish among gradations of vagueness so as to determine not merely that a statute fails this constitutional test but rather that it is “so vague” as to be facially invalid creates an unworkable standard.
Thus, in the end the Court’s rule is that failure of an as-applied challenge to the constitutionality of a statute on vagueness grounds automatically constitutes failure of a facial challenge as well — unless the Court decides to reach the merits of a facial challenge by already having determined that the challenger should prevail.
Judges Smith, Graffeo and Read concur with Judge Rosenblatt; Chief Judge Kaye concurs in result in a separate opinion in which Judge Ciparick concurs.
Order affirmed.

. Notably, McGowan v Burstein (71 NY2d 729 [1988]), and Matter of Wood v Irving (85 NY2d 238 [1995]) — cited by the Court (majority op at 423-424) — are civil cases (see Kolender v Lawson, 461 US 352, 358 n 8 [1983] [“where a statute imposes criminal penalties, the standard of certainty is higher,” citing Winters v New York, 333 US 507, 515 (1948)]).

. See City of Chicago v Morales (527 US 41, 55 n 22 [1999] [Stevens, J. (plurality op)] [pointing out that the Salerno “no-conceivable-circumstances” formulation was dictum and that such a standard had “never been the decisive factor in any decision of this Court, including Salerno itself,” and concluding that a facial challenger need not “establish that no set,of circumstances exists under which the Act would be valid”]); Kolender (461 US at 358 n 8 [explaining that the Supreme Court has “invalidate(d) a criminal statute on its face even when it could conceivably have had some valid application,” citing e.g. Lanzetta v New Jersey, 306 US 451 (1939)]). See also Dorf, Facial Challenges to State and Federal Statutes (46 Stan L Rev 235, 236, 238 [1994] [observing that the rule in Salerno “neither accurately reflects the Court’s practice with respect to facial challenges, nor is it consistent with a wide array of legal principles”]).